SUTIN, Judge (specially concurring). {34} I concur in the Opinion’s insightful and forward-thinking application of Article II, Section 10 of the New Mexico Constitution. I have some additional thoughts. Weighing Factors {35} Deciding warrantless aerial surveillance cases, by weighing factors of altitude, FAA regulations, extent of physical intrusion, location of the property, means of surveillance (as the district court found, helicopter swooping to lower altitude and men on a mission as if they were in a state of war searching for weapons or terrorist activity), and complaint anonymity, is fraught with arbitrary or painstakingly difficult and subjective determinations. Note the district court’s “just barely permissible” characterization of the “helicopter search,” and the court’s characterization of the facts as “teeter[ing] dangerously close to exceeding the limitations implicit in the Fourth Amendment.” The weighing approach is less effective than Justice Scalia’s approach in Kyllo. Citizens have an expectation of privacy with respect to the police looking into their homes and curtilage. If the police, as in this case, are purposefully targeting a home, curtilage, or residential area to discover illegal marijuana growing activity by, as the district court in this case characterized it, “flying around generally in an effort to spot greenhouses” in a “random investigation,” the police should have to pass warrant muster as a condition precedent to conducting the aerial surveillance. This requirement is restrictive, no doubt. But the better judgment in a circumstance like that before us is to protect the privacy of the home and curtilage and require a validly issued warrant for the targeted surveillance. Here, Defendant had an expectation of privacy with regard to his curtilage. The targeted surveillance was a search. The search was warrantless and presumed to be unlawful. No exception overcame the presumption. Taint of Consent {36} I offer another basis on which we ought to be able to hold that the warrantless and unreasonable aerial surveillance search tainted Defendant’s consent. The district court determined factually that the spotter could not have observed marijuana and that any belief the spotter had was speculative. After noting that “ ‘Carson’ area plus ‘greenhouse’ propelled the spotting officer to conclude by speculation that behind the walls of the greenhouses were prohibited plants},]” the court perceived “a surreal ‘profiling’ aspect to the police behavior.” Stated differently, the court determined that it was objectively imreasonable to believe that the spotter had, in fact, observed marijuana, thereby rendering such “observation” by the spotter to be mere speculation. Speculation does not give rise to reasonable suspicion. See Leyva, 2011-NMSC-009, ¶ 23 (“Reasonable suspicion must consist of more than an officer’s hunch that something is amiss; it requires objectively reasonable indications of criminal activity.”). Because Officer MerrelPs statement to Defendant that “marijuana had been identified growing in his greenhouse from the air” was based exclusively on the spotter’s speculation, by extension, it was unfounded in reasonable suspicion. See State v. Vandenberg, 2002-NMCA-066, ¶ 18, 132 N.M. 354, 48 P.3d 92 (recognizing that “reasonable suspicion based on information obtained from another officer require[s] that [the] officer providing information must himself have possessed reasonable suspicion”), reversed on other grounds by 2003-NMSC-030, 134 N.M. 566, 81 P.3d 19. Thus, Defendant’s encounter with Officer Merrell was essentially a circumstance in which a police officer, without reasonable suspicion or a warrant^ approached Defendant at Defendant’s own home and accused him of engaging in criminal activity. This is not reasonable police conduct at the front door of a person’s home when the officer does not have a probable cause basis on which to make the accusation. The spotter’s non-credible, speculative belief that gave rise to Officer Merrell’s factually incorrect statement was causally related to Defendant’s consent, and therefore the consent was tainted. See State v. Figueroa, 2010-NMCA-048, ¶ 35, 148 N.M. 811, 242 P.3d 378 (holding that the defendant’s consent that was sought and granted “on the heels of’ improper police questions was tainted). Fourth Amendment {37} I would hold the surveillance search unreasonable under the Fourth Amendment as well as under Article II, Section 10 on the basis that the expectation of privacy analyses in cases that involve targeted aerial surveillance investigations and invasions into a home and curtilage using modern technology, whether thermal imaging technology or a helicopter, should now be controlled by Justice Scalia’s Kyllo analysis and test as set out earlier in the Opinion of this Court. JONATHAN B. SUTIN, Judge